

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Hon. O. P. Lockhart
Chairman
Board of Insurance Commissioners
Austin, Texas

Attention:  Mr. Homer Sanderford,
Supervising Examiner

Opinion No. O-3932

Re:  Examiner of Insurance
Department may be
required to give tes-
timony.

Dear Sir:

Your request for an opinion of this department reads:

"The Receiver in the captioned case has peti-
tioned the Chairman of the Board of Insurance
Commissioners to allow Mr. A. E. Burns, who con-
ducted an examination of the Republic Underwriters
in 1938 to give a deposition for use in connection
with the suit pending or to be filed in the courts
to enforce collections of assessments made upon the
Exchange's former subscribers.

"1.  Please advise this Department if the
Chairman of the Board of Insurance Commissioners
would be permitted to authorize Mr. Burns to give
a deposition in this case.

"2.  Your opinion is also sought in connection
with the question of the Receiver's legal right to
require a deposition of Mr. Burns in the case re-
ferred to herein.

"In this connection your attention is directed
to Article 4690c, Title 78, R.C.S., 1925 which is
entitled 'Oath and Bond of Examiners and Assistants.'
Inasmuch as the Receiver proposes to take Mr. Burn's
deposition on September 9, provided he may legally
do so, your special attention to this request will
be appreciated."

The captioned case referred to in the first paragraph
of your request is Cause No. 59,771, styled State of Texas v.
Republic Underwriters, et al, pending on the docket of the 126th
District Court.  We have ascertained that the receiver in such

cause has filed an assessment suit, by authority of an order of the judge of such court, against the subscribers of the underwriters, the same being Cause No. 65,369 on the docket of the 98th District Court. It is in this latter case that the deposition of Mr. Burns is desired.

Article 4690c of the Revised Civil Statutes of Texas provides for the oath and bond of an examiner of the Insurance Department. His bond and oath is conditioned, among other things, that:

". . . He will not reveal the condition of, nor any information secured in the course of any examination of any corporation, firm or person examined by him, to anyone except the members of the Board of Insurance Commissioners, or their authorized representatives, or when required as witness in court." (Underscoring ours)

The statute is clear and unambiguous, thus requiring no construction. The examiner may be required to testify in court and to reveal his prior findings. It is immaterial that his testimony is sought by deposition, as the Legislature has seen fit to provide that testimony may be taken by deposition and used in lieu of oral testimony in court.

Answering your questions specifically, the Chairman of the Board of Insurance Commissioners may authorize the examiner to give his deposition in the case here dealt with. If such is refused, the receiver may proceed under the pertinent statutes to require the witness to testify.

Yours very truly
ATTORNEY GENERAL OF TEXAS

By /s/ Lloyd Armstrong
Lloyd Armstrong, Assistant

APPROVED SEP 16, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

LA:GO:wb